IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDDIE MARLOW, (SPN #01226099) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION H-18-4674 |
| HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE, et al., Defendants. | § § § § § § | |

**MEMORANDUM AND OPINION**

Eddie Marlow, an inmate of the Harris County Jail ("HCJ"), sued in December 2018, alleging civil rights violations resulting from a denial of due process. Marlow, proceeding pro se and in forma pauperis, sues the Harris County District Attorney's Office and Jan Krocker, judge of the 184th Judicial District Court of Harris County, Texas.

The threshold issue is whether Marlow's claims should be dismissed as frivolous. The Court concludes that Marlow's claims lack merit and should be dismissed for the reasons stated below.

**I.     Plaintiff's Allegations**

Marlow asserts that he was arrested on September 22, 2018 for assaulting Shirley McCann, his ex-girlfriend. He complains that his misdemeanor offense was improperly enhanced to a felony offense based on false evidence. He explains that his ex-girlfriend went to drop off Marlow's dog at the Shell station when Marlow grabbed her by the hair and knocked her down. Marlow asserts that he cannot be considered to be a repeat offender because he was only convicted of assault on a

family member on one prior occasion.

Marlow states that Judge Krocker denied his request for a bond reduction on October 3, 2018. He further states that he wrote to Judge Krocker about fears for his personal safety. Marlow also complains that his court-appointed attorney rendered ineffective assistance.[1] (Docket Entry No. 1, p. 22). Marlow seeks $2,500,000.00 in compensatory damages.

Online research reveals that Marlow was indicted on the following charges in the 184th Judicial District Court of Harris County, Texas:[2]

(1) assault on a family member with a previous conviction, on September 22, 2018, in Cause Number 160594901010. His next court date is March 7, 2019; and

(2) assault on a family member with a previous conviction, on October 2, 2018, in Cause Number 160711401010. His next court date is March 7, 2019.

## II. Discussion

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(I). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint

---

[1] The Court notes that Marlow raised similar claims against his court-appointed attorney in Civil Action Number 4:18-4857. On January 8, 2019, this Court dismissed Marlow's complaints as frivolous. Marlow does not name his court-appointed attorney as a defendant in the instant lawsuit.

[2] Judge Jan Krocker was the presiding judge during the proceedings mentioned in Marlow's complaint. On January 1, 2019, Judge Abigail Anastasio was sworn in as judge of the 184th Judicial District Court of Harris County, Texas.

2

alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

### III. Claims Against Judges

Judges are afforded absolute immunity when they perform a normal judicial function, unless they are acting in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 357-60 (1978). A judge's jurisdiction is construed broadly; a judge is not deprived of immunity because the action he took was erroneous, malicious, or exceeded his authority. *Id.* at 357. The nature of the function performed governs the immunity analysis. *Forrest v. White*, 484 U.S. 219, 227-229 (1988)(denying judge absolute immunity when performing administrative rather than judicial duties).

Marlow challenges the acts and omissions of Judge Krocker, who presided over his pre-trial criminal proceedings. Online research reveals that Judge Krocker was the presiding judge of the 184th Judicial District Court of Harris County, Texas. Conducting pre-trial proceedings are normal judicial functions. The criminal case against Marlow was properly in Judge Krocker's court. The complained-of acts against Judge Krocker arose out of her handling of the pre-trial proceedings.

The challenged acts of Judge Krocker were judicial acts. Marlow does not allege, nor does the record support, a clear absence of jurisdiction on the part of this judicial officer. Marlow's claims against Judge Krocker lack merit because Marlow is seeking relief from a party who is immune from suit.

### IV. Claims Against Prosecutors

Marlow seeks damages against the Harris County District Attorney's Office for its conduct in pre-trial proceedings. Liberally construed, Marlow complains that his misdemeanor offense was improperly enhanced to a felony offense. Absolute immunity precludes his claim. Prosecutors have

3

absolute immunity from such damages claims. *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 637 (5th Cir. 2000)(citing *Burns v. Reed*, 500 U.S. 478, 491 (1991)). Prosecutorial immunity applies to a prosecutor's actions in initiating a prosecution and in handling the case through the judicial process. *Id.* Prosecutorial immunity extends to activities "intimately associated with the judicial phase of the criminal process." *Kerr v. Lyford*, 171 F.3d 330, 336 (5th Cir. 1999)(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The actions Marlow complains of are related to the judicial process and were undertaken in furtherance of the attorney's advocacy function in their representation of the government. The Harris County District Attorney's Office is entitled to absolute immunity from Marlow's suit, and the damages claims against the Harris County District Attorney's Office are dismissed.

## V.    Conclusion

Marlow's motion to proceed in forma pauperis, (Docket Entry No. 2), is GRANTED. The action filed by Eddie Marlow (SPN #01226099) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(I).

The HCJ must deduct twenty percent of each deposit made to Marlow's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)    Thomas Katz, Manager of the Inmate Trust Fund, 1200 Baker Street, Houston, Texas 77002, Fax 713-755-4546; and

(2)    the Manager of the Three-Strikes List for the Southern District of Texas at:

Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on __**JAN 2 5 2018**__.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE